Michele R. Stafford, Esq. (SBN 172509)
Eric K. Iwasaki, Esq. (SBN 256664)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: eiwasaki@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; and <br><br> OPERATING ENGINEERS LOCAL 3 HEAVY AND HIGHWAY TRUST FUND; and <br><br> Plaintiffs, | Case No. <br><br> **COMPLAINT** |

1

**COMPLAINT**
Case No.

v.

TUTTLE EXCAVATION, INC. a California Corporation; and MICHAEL B. PHILLIPS, an individual,

        Defendants.

<u>Parties</u>

1. The Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Tuttle Excavation, Inc. a California Corporation ("Tuttle Excavation"), and Michael B. Phillips, an individual ("Phillips") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). Defendant Phillips also personally guaranteed all amounts claimed herein.

//

//

2

**COMPLAINT**
**Case No.**

Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

8. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to

fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

10. Defendant Phillips, on behalf of Defendant Tuttle Excavation, entered into the Independent Northern California Construction Agreement (the "Independent Agreement") with the Union, which incorporates the Master Agreement ("Bargaining Agreement") between the Union and the United Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors. Under the terms of the Independent Agreement, the principal shareholder(s) of Defendant Tuttle Excavation, including Defendant Michael Phillips, personally guaranteed all amounts claimed herein. The Independent Agreement and Master Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendants to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

11. Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Construction Industry Force Account Operating Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development Trust Fund (including the California Alliance for Jobs (together referred to herein as "Bargained Entities") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

12. Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth

(15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

13. The Bargaining and Trust Agreements further require Defendant Tuttle Excavation to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant Tuttle Excavation as is necessary to determine whether Defendant Tuttle Excavation has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant Tuttle Excavation's records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

## Factual Allegations

14. Defendants failed to timely pay contributions reported as due for work performed by Defendant Tuttle Excavation's employees during the months of November 2017, April 2018, and June 2018, and failed to pay contributions reported as due for work performed by Defendant Tuttle Excavation's employees during the months of July 2018, August 2018, and March 2019, incurring liquidated damages and interest that are owed to Plaintiffs for the late and unpaid contributions for this period.

15. Defendants entered into a Stipulation for Entry of Judgment ("Stipulation") with Plaintiffs on or about May 6, 2019 (the "Stipulation") to provide Defendants with a payment plan for all amounts due. Under the terms of the Stipulation, Defendants agreed to submit monthly payments toward the balance due, plus 10% interest on the declining balance, beginning on May 25, 2019, and continued on or before the twenty-fifth of each month thereafter for a period of twelve (12) months. Defendant

Phillips personally guaranteed all amounts due under the terms of the Stipulation.

16. In the event that Defendants Tuttle Excavation and Guarantor Phillips (hereinafter collectively "Defendants") defaulted on the terms of the Stipulation, Plaintiffs were to provide Defendants with a default notice and seven (7) days to cure the default. If the default was not cured, Defendants agreed that all amounts remining due under [the] Stipulation (after application of principal payments made, if any) will be immediately due and payable on demand by the [Plaintiffs]. The amounts due under the terms of the Stipulation include any additional (current) contributions, liquidated damages, interest, and attorney's fees and costs incurred.

17. Pursuant to the terms of the Stipulation, in the event of an uncured default, this matter will be referred to Legal Counsel who will file a Complaint and this Stipulation, and will obtain a Writ of Execution to collect what is due. Pursuant to the terms of the Stipulation, a Writ of Execution may be obtained against Defendants without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms of the Stipulation. This Writ of Execution may be obtained solely upon declaration by Legal Counsel and/or a duly authorized representative of the Trust Funds setting forth the balance due.

18. Defendants have failed to make their fourth, fifth, and sixth payments under the terms of the Stipulation. Pursuant to the terms of the Stipulation, Defendants were issued a written default notice dated October 16, 2019, providing Defendants with seven (7) days to cure their default, after Defendants' failure to pay its fourth and fifth payments under the terms of the Stipulation. Defendants failed to make its fourth and fifth payments following the default notice and failed to make their sixth payment when it became due on October 25, 2019. Based on Defendants' default, all amounts are now immediately due.

**FIRST CAUSE OF ACTION**
**For Entry of the Stipulation for Entry of Judgment**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19, above.

20. Defendants have a contractual duty pursuant to the terms of the Stipulation to make payments as agreed for amounts owed pursuant to the Bargaining Agreements and Trust Agreements.

Defendants also have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements.

21. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22. By failing to make the required payments to Plaintiffs, Defendants breached the terms of the Stipulation as well as the Bargaining Agreements and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

23. Defendants' failure and refusal to make payments according to the terms of the Stipulation was at all times, and still is, willful. Defendants continue to breach the Stipulation, Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged.

24. The ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless judgment is entered against Defendants pursuant to the terms of the Stipulation, ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreements and Trust Agreements.

25. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For entry of judgment against Defendants pursuant to the terms of the Stipulation.
2. That the Court retain jurisdiction of this case until the judgment is satisfied.
3. For such other and further relief as the Court may deem just and proper.

//

//

| | |
|---|---|
| DATED: December 17, 2019 | SALTZMAN & JOHNSON LAW CORPORATION |
| | By: _____/S/_____<br>Eric K. Iwasaki<br>Attorneys for Operating Engineers' Health And Welfare Trust Fund, et al. |
1  DATED: December 17, 2019                    SALTZMAN & JOHNSON LAW
2                                                                CORPORATION
3                                                        By:
                                                              _____/S/_____
4                                                        Eric K. Iwasaki
                                                         Attorneys for Operating Engineers' Health And
5                                                        Welfare Trust Fund, et al.

**COMPLAINT**
**Case No.**